IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY KENDRICK WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-287-ECM-JTA |
| | ) | |
| LT. DEPUTY TRACY REECE[1] and | ) | (WO) |
| SHERIFF TYRONE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on two motions to dismiss: the Motion to Dismiss filed by Defendants Sheriff Tyrone Smith and Lieutenant Deputy Tracy Reece (Doc. No. 12), and the Motion to Dismiss for Failure to Prosecute and Failure to Serve Defendant Pursuant to Rule 4(m) filed by Defendant Tracey Reece (Doc. No. 25). Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings and entry of any orders or recommendations. (Doc. No. 4.)

For the reasons stated below, the undersigned recommends the first motion to dismiss be granted, the second motion to dismiss be denied as moot, and Plaintiff's Complaint be dismissed without prejudice.

---

[1] In various filings, Defendants' counsel has referred to Defendant Reece as either Tracy or Tracey, and used the surname Reese or Reece. (*See* Docs. No. 12, 13, and 25.) To maintain consistency, the undersigned will use the spelling as reflected in the case caption of the Complaint.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Tommy Kendrick Williams alleges on April 24, 2024, Defendant Tracy Reece drove his Barbour County Sheriff's truck into Plaintiff's yard and honked his horn. (Doc. No. 1 at 1.) This awakened Plaintiff. (*Id*.) Plaintiff began recording, using his cell phone, from an open kitchen window. (*Id*.) Defendant Reece began to ask Plaintiff questions about his name and his mental faculties. (*Id*.) Plaintiff refused to answer. (*Id*.) Plaintiff alleges Defendant Reece replied, "Ok, I'll see you again someday." (*Id*.) Plaintiff avers this statement was a threat of retaliation which has limited his desire to travel. (*Id*. at 1-2.) Plaintiff further alleges he exited his home and Defendant Reece continued to ask him questions, including questions regarding his mental faculties. (*Id*. at 1.)

After this incident with Defendant Reece, Plaintiff contacted Defendant Tyrone Smith, the Sheriff of Barbour County. (*Id*.) Plaintiff alleges he spoke to Defendant Smith about what happened, and Defendant Smith ignored all of Plaintiff's calls and letters about Defendant Reece's behavior. (*Id*. at 1–2.)

Plaintiff does not set forth any individual legal claims in his Complaint, but generally alleges Defendant Reece repeatedly showed unprofessional behavior, harassment, and abuse of authority. (*Id*. at 2.) Plaintiff also generally alleges Defendant Smith failed to act, failed to supply proper civil rights training, failed to respond to citizens' calls and concerns, and failed to discipline. (*Id*.)

## II.  PROCEDURAL HISTORY

On May 14, 2024, Plaintiff, proceeding *pro se*, filed his Complaint. (Doc. No. 1.) On August 2, 2024, Defendants filed the first motion to dismiss. (Doc. No. 12.) Plaintiff filed a response to the motion but failed to specifically address any of the arguments raised by Defendants. (Doc. No. 23.) On October 30, 2024, Defendant Reece filed the second motion to dismiss. (Doc. No. 25.) On November 7, 2024, the court ordered Plaintiff to show cause why the motions should not be granted. (Doc. No. 26.) As to each motion to dismiss, the court specifically advised Plaintiff to address the issues raised by Defendants in the motions and cautioned Plaintiff that "**should he fail to show cause why**" the motions "**should not be granted or fail to comply with this Order, the Magistrate Judge will recommend that his complaint be dismissed.**" (*Id*. at 3-4 (emphasis in the original).) To date, Plaintiff has not filed a response.[2]

## III.  STANDARD OF REVIEW

A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v.*

---

[2] Plaintiff's failure to respond to the arguments raised by Defendants in their motions does not provide sufficient grounds for the court to grant the motions. *See Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017) (stating that even when a plaintiff fails to respond to a motion to dismiss, the court still must "address the merits of the defendants' motion").

3

*Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 . . . (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

*Id.* at 513 (footnote omitted).

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) bring either "facial attacks"[3] or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *Id*. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id*.

*Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

    B.    Motion to Dismiss for Failure to State a Claim

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in

---

[3] This case involves a facial attack on subject matter jurisdiction.

the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

While Federal Rule of Civil Procedure 8(a) "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint is insufficient if it "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In short, a complaint must provide a "'plain statement possess[ing]' enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (internal quotations omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Because it is not drafted by an attorney, the complaint of a *pro se* plaintiff must be liberally construed. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Iqbal*, 556 U.S. at 678, and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) ("While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." (internal citations and quotation marks omitted)). Moreover, the leniency afforded the construction of *pro se* pleadings is not license for the court "to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. 2:10CV826-MHT, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011).

## IV.  DISCUSSION

First, Defendants argue Plaintiff's Complaint should be dismissed because it fails to invoke the court's subject matter jurisdiction through either diversity[4] or federal question

---

[4] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

6

jurisdiction.[5] (Doc. No. 13 at 2.) Second, Defendants argue the complaint fails to state a claim upon which relief can be granted. (*Id.*) Plaintiff did not respond to either argument. (Doc. No. 23.)

The undersigned addresses each argument in turn.[6]

### A.   Lack of Subject Matter Jurisdiction

Defendants argue Plaintiff failed to invoke either diversity or federal question jurisdiction. (Doc. No. 13 at 2.) Defendants also contend Plaintiff's complaint should be dismissed because it fails to specifically invoke jurisdiction under 42 U.S.C. §§ 1981, 1983, 1988, or any section of the United States Constitution. (*Id.*)

A plaintiff has the burden to establish federal subject matter jurisdiction. *Poarch Band of Creek Indians*, 839 F.3d at 1314. If there is no subject matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh*, 546 U.S. at 514. But, when a plaintiff is proceeding *pro se*, the court must liberally construe the *pro se* filings. *See Pardus*, 551 U.S. at 94 (stating that a "document filed *pro se* is to be liberally construed" (citation omitted)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, in the Eleventh Circuit, a *pro se* plaintiff generally must be afforded one opportunity to amend the complaint before the court dismisses the action. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928

---

[5] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

[6] Defendant Reece filed a second motion to dismiss on the ground that Plaintiff did not serve him within the time limit set forth in Federal Rule of Civil Procedure 4(m). (Doc. No. 25.) The undersigned need not reach the merits of that motion as the Complaint is due to be dismissed for lack of subject matter jurisdiction and failure to state a claim.

F.2d 1108, 1118 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002)) (en banc) (overruling *Bank* only as to represented plaintiffs). The court does not have to allow an opportunity to amend if (1) the plaintiff clearly indicates he does not want to amend his complaint, or (2) a more carefully drafted complaint could not state a claim. *Id*.

Here, Plaintiff has not met his burden. Complete diversity is not established as Plaintiff does not allege the citizenship of any defendant, nor even his own, in the Complaint. As to federal question jurisdiction, Plaintiff mentions "civil rights training[,]" "civil rights abuses" and that he was "exercising his right not to answer questions at [his] home[]" in his Complaint. (Doc. No. 1 at 2.) Based on these allegations and construing his Complaint liberally, Plaintiff appears to assert that Defendants infringed upon one of his federal rights. Yet, Plaintiff does not state which constitutional or federal statutory right Defendants infringed and thus fails to establish federal question jurisdiction.

The court could allow Plaintiff to amend his complaint and specifically state which federal rights he believes were violated, thus establishing federal question jurisdiction. However, even if the court were to permit such an amendment, the amendment would be futile because such additional allegations would not aid Plaintiff in stating a claim for relief under Rule 12(b)(6). *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1138 (11th Cir. 2023) (holding an amendment to add the correct defendant would be futile when the plaintiff could not state a claim). The undersigned therefore concludes that affording Plaintiff an opportunity to amend his Complaint to allege subject matter jurisdiction would be futile.

B.   Failure to State a Claim

Defendants contend this court should dismiss Plaintiff's Complaint because he failed to state a claim upon which relief can be granted. (Doc. No. 13 at 2.) Defendants argue Plaintiff's statement of facts is not sufficient under the *Twombly/Iqbal* standard. (*Id*. at 3.) Defendants further assert they are entitled to either qualified immunity under federal law or state-agent immunity under Alabama law. (*Id*. at 4.)

The undersigned addresses each argument in turn.[7]

A complaint must provide a "'plain statement possess[ing]' enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 557 (internal quotations omitted) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has provided a plain statement of facts. Nonetheless, the facts alleged are insufficient to establish that Defendants are liable for their conduct or Plaintiff is entitled to relief.

Turning first to the allegations pertaining to Defendant Reece, Plaintiff alleges Defendant Reece pulled into Plaintiff's yard, honked his horn, and proceeded to ask Plaintiff questions. (Doc. No. 1 at 1.) Such alleged conduct by Defendant Reece does not establish a constitutional claim. Police officers are allowed to enter a residential property and "are free to go where the public would be expected to go." *Coffin v. Brandau*, 642 F.3d 999, 1012 (11th Cir. 2011) (collecting cases); *see also Kentucky v. King*, 563 U.S. 452,

---

[7] As the Complaint is due to be dismissed because it fails to state a claim and federal qualified immunity applies, the undersigned does not address state-agent immunity under Alabama law.

9

469–470 (2011) ("When law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do."); *Fla v. Jardines*, 569 U.S. 1, 8 (2013) ("[A] police officer not armed with a warrant may approach a home and knock, precisely because that is no more than any private citizen might do.") (quotations omitted). Further, police are allowed to speak to the resident of the home and ask questions. *United States v. Taylor*, 458 F.3d 1201, (11th Cir. 2006) ("[O]fficers are allowed to knock on a residence's door or otherwise approach the residence seeking to speak to the inhabitants just a[s] any private citizen may.") (quotations omitted).

Although Plaintiff contends Defendant Reece threatened him by stating, "OK, I'll see you again someday[,]" such purported threat fails to state a constitutional claim. Mere words, even if unprofessional or threatening, are not sufficient. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) ("[A] petitioner must allege more than that he has been subjected to verbal taunts . . . however distressing." (quotation omitted)); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (holding the plaintiff's allegations of verbal abuse and threats did not state a claim because "defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim"). Thus, based on the facts alleged in the Complaint, Plaintiff has not alleged Defendant Reece engaged in any misconduct which states a constitutional claim.

Turning next to the allegations against Defendant Smith, those allegations suffer the same fate. Plaintiff alleges Defendant Smith failed to respond to his calls and complaints. (Doc. No. 1 at 2.) Although the First Amendment protects a citizen's right to petition the government, it "neither guarantees 'that advocacy will be effective' nor imposes a

10

corresponding 'affirmative obligation on the government to listen [or] respond.'" *Herndon v. Comm'r of Internal Revenue*, 758 F. App'x 857, 859 (11th Cir. 2019) (quoting *Smith v. Ark. State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979)); *see also Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policy makers to listen or respond to individuals' communications."). Accordingly, Defendant Smith's alleged failure to respond to Plaintiff's complaints is not actionable conduct that states a constitutional claim.

Plaintiff also contends Defendant Smith failed to supply proper civil rights training. (Doc. No. 1 at 2.) While a plaintiff may bring a failure to train claim under 28 U.S.C. § 1983, the claim must be against a municipality, not an individual. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Plaintiff's failure to train claim against Defendant Smith thus fails to state a claim.[8]

Furthermore, even if Plaintiff had alleged sufficient facts to state a claim, such a claim would be barred by the doctrine of qualified immunity. "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Corbitt v. Vickers*,

---

[8] Even if Plaintiff were allowed to amend the Complaint to allege the municipality failed to train employees, he would still not be able to state a claim. To successfully plead a failure to train claim, the "plaintiff must demonstrate that: (1) the government inadequately trained or supervised its employees; (2) the failure to train is an official policy; and (3) the policy caused the employees to violate the plaintiff's rights." *Thomas ex rel. Thomas v. Roberts*, 261 F.3d 1160, 1173 (11th Cir. 2001), *vacated*, 536 U.S. 953 (2002), *reinstated*, 323 F.3d 950 (11th Cir. 2003). Here, Plaintiff has not alleged facts showing a violation of his constitutional rights.

929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Qualified immunity shields government officials when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As discussed above, Plaintiff fails to allege any behavior by Defendants that violated clearly established federal law. Hence, Plaintiff's Complaint is due to be dismissed on qualified immunity grounds.

    C.    Remaining Motion to Dismiss

Because Defendants' first motion to dismiss is due to be granted and the Complaint is due to be dismissed, the undersigned recommends Defendant Tracey Reece's motion to dismiss be denied as moot.

## V.    CONCLUSION

Accordingly, the undersigned RECOMMENDS the following:

1. Defendants' Motion to Dismiss (Doc. No. 12) be GRANTED.
2. Plaintiff's complaint be DISMISSED without prejudice.
3. Defendant Tracey Reece's Motion to Dismiss for Failure to Prosecute and Failure to Serve Defendants Pursuant to Rule 4(m) (Doc. No. 25) be DENIED as moot.

It is further ORDERED that, on or before **January 28, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of January, 2025.

　　　　　　　　　　　　　　　　　/s/ Jerusha T. Adams
　　　　　　　　　　　　　　　　　JERUSHA T. ADAMS
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE