IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY KENDRICK WILLIAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) CASE NO. 2:24-cv-287-ECM |
| | ) |
| LT. DEPUTY TRACY REESE, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On January 13, 2025, the Magistrate Judge entered a Recommendation (doc. 29) that Defendant Defendants Sheriff Tyrone Smith ("Smith") and Lieutenant Deputy Tracy Reese's ("Reese") motion to dismiss (doc. 12) be granted and that Reese's motion to dismiss for failure to prosecute and failure to serve (doc. 25) be denied as moot. No timely objections have been filed. Upon an independent review of the file and upon consideration of the Recommendation, the Court finds that the Recommendation is due to be rejected in part and adopted in part; the Defendants' motion to dismiss (doc. 12) is due to be granted; Reese's motion to dismiss for failure to prosecute and failure to serve (doc. 25) is due to be denied as moot; and this case is due to be dismissed without prejudice.

In the Recommendation, the Magistrate Judge concluded that the Plaintiff failed to sufficiently allege subject matter jurisdiction, but that granting him leave to amend his complaint would be futile because the complaint fails to state a claim upon which relief can be granted. Upon review, the Court rejects the Magistrate Judge's conclusion that the Plaintiff failed to sufficiently allege subject matter jurisdiction. Construing the complaint

liberally, especially in light of the Plaintiff's *pro se* status, the Court finds that the Plaintiff sufficiently alleged federal question jurisdiction premised upon alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the complaint, the Plaintiff complains of various actions allegedly taken by the Defendants, who are law enforcement officers. For example, the Plaintiff alleges that Reese pulled in the Plaintiff's yard and honked his car horn, and then later threatened the Plaintiff. While the Plaintiff does not specify which constitutional provisions he believes are implicated by Reese's alleged actions, and while the Plaintiff's allegations may not state a plausible claim for relief, the Plaintiff appears to claim that Reese violated his constitutional rights. The Plaintiff also alleges, for example, a lack of adequate civil rights training, and a claim premised upon failure to train is cognizable pursuant to § 1983. While the Plaintiff may not have brought the failure to train claim against the correct defendant, such deficiency is relevant to whether he has stated a claim for relief as opposed to whether he has sufficiently alleged subject matter jurisdiction. The Plaintiff also alleges that the Defendants are not entitled to immunity, which further supports a finding that the Plaintiff is asserting claims that his constitutional rights were violated. For these reasons, the Court rejects the Magistrate Judge's conclusion that the Plaintiff did not sufficiently allege subject matter jurisdiction.[1]

The Court agrees with the Magistrate Judge's reasoning and conclusion that the complaint fails to state a claim upon which relief can be granted, and that the Defendants'

---

[1] Additionally, the Court disagrees with the Magistrate Judge's analysis to the extent that, after finding insufficient allegations to establish subject matter jurisdiction, the Magistrate Judge went on to opine about the merits. "[A] federal court cannot address the merits of a dispute unless it satisfies itself that subject-matter jurisdiction exists." *United States v. Meyer*, 50 F.4th 23, 31 (11th Cir. 2022) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998)).

motion to dismiss (doc. 12) is due to be granted to that extent. The Court also agrees with the Magistrate Judge's conclusion that Reese's motion to dismiss for failure to prosecute and failure to serve (doc. 25) is due to be denied as moot and that this case is due to be dismissed without prejudice.

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 29) is REJECTED IN PART and ADOPTED IN PART;

2. The Defendants' motion to dismiss (doc. 12) is GRANTED to the extent that the Plaintiff fails to state a claim upon which relief can be granted;

3. Reese's motion to dismiss for failure to prosecute and failure to serve (doc. 25) is DENIED as moot;

4. This case is DISMISSED without prejudice.

A separate Final Judgment will be entered.

DONE this 7th day of February, 2025.

                                                /s/ Emily C. Marks
                                           EMILY C. MARKS
                                           CHIEF UNITED STATES DISTRICT JUDGE